UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMT MAC TRUONG *also known as* DR. MAC TRUONG, <br><br> Plaintiff, <br> v. <br><br> ANTHONY C. VALENZIANO *et al.*, <br><br> Defendants. | Civil Action No. 23-02501 (UNA) |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted or is frivolous).

Plaintiff is a resident of Jersey City, New Jersey. Although new to this district court, Plaintiff "is a vexatious litigant who has continued to file numerous repetitive, meritless and frivolous actions despite past warnings by several courts." *In re Truong*, No. 09-11047 MG, 2011 WL 2894580, at *1 n.4 (Bankr. S.D.N.Y. July 15, 2011), quoting *Vishipco Line v. Charles Schwab & Co.*, 2003 WL 1345229, at *9 (S.D.N.Y. Mar.19, 2003) (Stein, J.)); *see id*. n.1 (noting "over 70 written judicial opinions related" to Plaintiff's "various lawsuits and bankruptcies"). This action is consistent with the pattern.

Plaintiff sues the lawyers and judges who participated in his court proceedings in New Jersey Superior Court and in the U.S. District Court for the District of New Jersey. *See* ECF No.

1 at 2-6. Plaintiff alleges that for three years beginning in 2021, Defendants deprived him of his "right[s] to a day in court" and "to recover lawfully" his "wrongfully taken properties in violation of 10 U.S.C. § 921, 18 U.S.C. § 1512, and/or 18 U.S.C. § 241." *Id*. 11-12 (cleaned up). Plaintiff seeks "a monetary judgment in the sum of One Million Dollars . . . or any amount the Court may deem fair[,] just and appropriate[.]" *Id*. at 13.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Plaintiff's allegations, to the extent intelligible, are based on the judicial defendants' decisions rendered during valid court proceedings for which they enjoy absolute immunity. *See Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because . . . judges are absolutely immune from lawsuits predicated, as here, for their official acts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (a complaint against judges who have "done nothing more than their duty" is "a meritless action.").

Plaintiff's claims fail in any case because the "Supreme Court has rarely implied a private right of action under a criminal statute," *Lee v. United States Agency for Int'l Dev*., 859 F.3d 74, 77 (D.C. Cir. 2017) (cleaned up), and the criminal statutes Plaintiff invokes do not provide such right. *See Leonard v. George Washington Univ. Hosp*., 273 F. Supp. 3d 247, 257 (D.D.C. 2017), *aff'd*, No. 17-5194, 2018 WL 3524644 (D.C. Cir. July 9, 2018) (listing § 1512 and § 241 among "the type of bare criminal statutes from which no private right of action is implied.") (cleaned up)); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009), *aff'd*, No. 09-5389, 2010 WL 3155823

(D.C. Cir. Aug. 9, 2010) (§ 1512 and other "federal criminal obstruction of justice statutes do not create private causes of action"); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010) (§ 241 criminalizing conspiracy against rights "does not expressly create a private right of action upon which plaintiff may sue defendants"). Furthermore, 10 U.S.C § 921, titled Larceny and wrongful appropriation, "falls within the punitive articles of the Uniform Code of Military Justice," which in addition to its inapplicability to the purported claims does not create "a private cause of action to enforce the punitive articles enacted therein[.]" *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (citations omitted). Consequently, this case will be dismissed by separate order.

Date: October 11, 2023

_____/s/_____
JIA M. COBB
United States District Judge

3